IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GLENDA M. HALL, § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. 4:14-CV-277-O |
| § | |
| JODY R. UPTON, Warden, § | |
| FMC-Carswell, § | |
| § | |
| Respondent. § | |

**<u>OPINION AND ORDER</u>**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Glenda M. Hall, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

On September 24, 2009, Petitioner pleaded guilty to one count of conspiracy to commit theft of government funds and one count of wire fraud in the United States District Court for the Eastern District of Louisiana and was sentenced to concurrent 60-month and 78-month terms of imprisonment. Resp't's App. 1-2, ECF No. 13. *See also* J. in a Criminal Case, United States v. Hall, Criminal Docket No. 2:09-cr-00108-LMA-DEK-1, ECF No. 27. Petitioner filed a motion to vacate, set aside, or correct her convictions pursuant to 28 U.S.C. § 2255 in the convicting court without success. Resp't's App. 8-21, ECF No. 13. Petitioner also filed a prior § 2241 petition for habeas relief in this Court challenging the same convictions, which was dismissed for lack of jurisdiction. Order, Hall v. Keffer, No. 4:11-CV-422-A, ECF No. 5. In this second § 2241 petition, Petitioner

raises the following grounds for relief:

(1) She received ineffective assistance of trial counsel;
(2) The trial court refused to acknowledge psychiatric reports by its own expert or Petitioner's private doctor;
(3) The FBI confiscated her property without a search warrant before she was charged; and
(4) She was injured on a medical trip in June 2012 and continues to suffer medical problems as a result of the incident.

Pet. 5-6 & Attach., ECF No. 1.  Petitioner seeks immediate, unconditional release.  *Id.* 7.

## II. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed.  *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his or her conviction.  *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  A § 2241 petition attacking a federal conviction may be considered, under the so-called "savings clause" of § 2255(e), if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention.  *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).  The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner.  *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).  In order to meet this burden, a petitioner must show that (1) his or her claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.  *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner has neither alleged nor demonstrated that she can satisfy these factors.  Thus, a §

2

2241 petition is not the proper vehicle for Petitioner to challenge her convictions under grounds one, two and three. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Accordingly, grounds one, two and three are dismissed for lack of jurisdiction.

Nor is Petitioner entitled to habeas relief under her fourth ground. A § 2241 petition may be granted if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States. " 28 U.S.C. § 2241(c)(3). Petitioner does not allege that such violation is present. Instead, Petitioner seeks early release due to her various medical conditions. Such a request is not a matter of illegal or unconstitutional restraint.[1] *Figueroa v. Chapman*, 347 F. App'x 48, 2009 WL 5408572, at *1 (5th Cir. 2009). Therefore, ground four is also dismissed for lack of jurisdiction.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant

---

[1] The Bureau of Prisons has made available a compassionate release request, which is generally restricted to inmates diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care. 18 U.S.C. § 3582(c)(1)(A)(I); *Williams v. Van Buren,* 117 Fed. App'x. 985, 986, 2004 WL 2943627, at *1 (5th Cir. 2004). Petitioner does not indicate whether she has sought such relief from the Bureau. In any event, it is the Bureau that must make the determination as to whether Petitioner's medical conditions are sufficient to warrant early release. Absent a motion from the Bureau, this Court lacks authority to reduce her term of imprisonment.

to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.

    **SO ORDERED** on this 3rd day of February, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**